Donald O. CONRADI and Gwen Conradi,
Plaintiffs,

v.

Larry F. BOONE et al., Defendants.

Civ. No. 3–881–D.

United States District Court,
S. D. Iowa,
Davenport Division.

Sept. 15, 1970.

George E. Wright, Fort Madison, Iowa and James R. Bettenburg, St. Paul, Minn., for plaintiffs.

Thomas F. Daley, Jr., Davenport, Iowa, for defendants.

MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is before the Court upon the motion of the defendants, Larry F. Boone, Leiman-Scott, Inc., and Western Auto Rentals, to dismiss the plaintiff's complaint. An oral hearing on this matter was held on May 26, 1970.

This lawsuit arises out of an automobile accident in Henry County, Iowa, on March 7, 1966. By their complaint filed on October 27, 1969, plaintiffs, husband and wife, and residents of Minnesota, seek damages for personal injuries allegedly sustained in the aforementioned accident from defendants, two of whom are from Illinois and the other from Colorado. None of the parties to this action are residents of Iowa.

■ The defendants have moved to dismiss this action under Fed.R.Civ.P. 12(b) (6) for failure to state a claim upon which relief can be granted. The thrust of defendants' contention is that plaintiff's right of recovery, if any, is barred by the Iowa statute of limitations. Iowa Code Annotated § 614.1, limits actions for damages for personal injury to two years. Plaintiffs resist this motion on the ground that the doctrine of equitable estoppel precludes defendants from interposing the statute of limitations as a bar to their recovery. In connection with this claim, plaintiffs, by affidavit, point to a series of negotiations and other transactions between themselves and the Allstate Insurance Company, the bulk of which were conducted in the State of Minnesota. The Allstate Insurance Company, insurer of one of the defendants herein, allegedly caused plaintiffs to believe that a prompt settlement would be made of their claim, and for this reason, continuously dissuaded them from securing the services of an attorney. Plaintiffs contend that this alleged conduct of the insurer estops defendants from asserting or raising the statute of limitations as a defense. Since matters outside the pleadings in the form of affidavits and depositions have been taken into account

by this Court, defendants' motion to dismiss is regarded as one for summary judgment. Fed.R.Civ.P. 12(b).

■ This Court has before it a tort case involving multistate facts in which federal jurisdiction is premised upon diversity of citizenship. In such a case, this Court is to apply the law of the State under the rule of Erie Railroad Company v. Tompkins, 304 U.S. 64, 67, 68, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The presence of multistate facts, however, requires this Court to determine the State whose law should guide it in resolving the issues presented. In making this determination this Court recognizes, and will be bound by, the well-established principle that a federal court must follow the conflicts of law rules of the state in which it is sitting. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), *accord*, Van Dusen v. Barrack, 376 U.S. 612, 628, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Hence, to determine the state whose law is dispositive, this Court looks to the Iowa conflicts of law rules.

■ The first issue to be resolved concerns itself with the applicable statute of limitations. There is no doubt but that here, the Iowa statutes of limitation are controlling. Barrett v. Burt, 250 F.Supp. 904, 905 (S.D. Iowa 1966). That is, the Iowa conflicts rule calls for the application of its own limitation. See Wells v. Simonds Abrasive Company, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); Burkhardt v. Bates, 191 F.Supp. 149 (N.D. Iowa 1961); Restatement of Conflict of Law, § 603 (1934).

■ The second issue of importance relates to the applicable substantive law. The Supreme Court of Iowa has held that the law of the place of the wrong shall not invariably control the substantive rights and liabilities arising out of a tortious occurrence. See Fabricius v. Horgen, 257 Iowa 268, 278–279, 132 N. W.2d 410, 416; Flogel v. Flogel, 257 Iowa 547, 548–551, 133 N.W.2d 907, 908–910; and Fuerste v. Bemis, 156 N.

W.2d 831 (Iowa 1968). This is the view of the American Law Institute as announced in Restatement (Second) of Conflict of Laws, Tentative Draft No. 9, § 379. These decisions recognize that there are situations in which jurisdictions other than the one where a tort occurs have interests in the resolution of particular issues. To accommodate this view, the Iowa courts have adopted the rule of most significant relationships as articulated in Babcock v. Jackson, 12 N. Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963), Noted 49 Iowa L.Rev. 934 (1964). This rule requires that the substantive rights and liabilities arising out of a tortious occurrence be determinable by the law of the jurisdiction which has the most substantial number of contacts with the litigants and the matter in dispute. This Court then, must compare the relative contacts and interests in this litigation vis-a-vis the issues presented; it must determine how much interest it has in applying Iowa law rather than that of Minnesota, Illinois or Colorado.

■ Applying these tests to the factual situation here, it is obvious that neither Illinois nor Colorado, the residence of the defendants, have any significant relationship with the parties nor any issue herein presented which would compel the application by this Court of either Illinois or Colorado law. Minnesota, the residence of plaintiffs, is the scene of the alleged negotiations between plaintiffs and the Allstate Insurance Company which gives rise to the claim of equitable estoppel. While the relationship which that state bears to these issues cannot fairly be deemed insignificant, this Court is of the view that Minnesota law is not controlling.

It is the opinion of this Court that the interest of Iowa is unquestionably the greater and more direct in this litigation. This action involves personal injuries allegedly sustained as the result of the negligent operation of a motor vehicle on an Iowa highway. Thus, the manner in which the defendant was driving at the time of the accident, whether he offended against a rule of the road prescribed by Iowa for motorists generally, and his exercise of due care in the operation of his motor vehicle at the time of the accident are in issue; these facts give Iowa, the place in which the allegedly wrongful conduct occurred, the predominant, if not exclusive, concern. Accordingly, this Court will apply the Iowa substantive law.

As noted above, the Iowa statute of limitations is dispositive of the issues herein presented. Plaintiffs' cause of action for negligence, having been brought in this Court more than two years after the alleged injuries were sustained, is barred by the Iowa two-year statute of limitations (Iowa Code Annotated § 614.1(3)), unless, as plaintiffs urge, defendants are equitably estopped from asserting that bar by reason of the representations made to them by representatives of the Allstate Insurance Company.

■ The Iowa courts have had numerous occasions to apply the doctrine of equitable estoppel in cases involving statutes of limitation problems. L. & W. Constr. Co. v. Kinser, 251 Iowa 56, 99 N.W.2d 276 (1959). To successfully invoke this doctrine there must be a showing of the presence of four elements. These are as follows: (1) a false representation or concealment of material facts; (2) lack of knowledge of the true facts on the part of the person to whom the representation is made; (3) intent of the party making the representation that the party to whom it is made shall rely thereon; (4) reliance on such fraudulent statements or concealment by the party to whom made resulting in his prejudice. United States v. Wilcox, 258 F.Supp. 944 (N.D. Iowa 1966); Grandon v. Ellingson, 259 Iowa 514, 144 N.W.2d 898 (1966).

■ Defendants' motion to dismiss is treated as one for summary judgment. As such, it will be granted if and only if the movants are entitled to judgment as

a matter of law and if no genuine issue as to any material fact remains for trial. Fed.R.Civ.P. 56(c); Traylor v. Black, Sivalls & Bryson, 189 F.2d 213 (8th Cir. 1951). In making this determination, this Court is required to view the inferences to be drawn from the underlying facts contained in the pleadings, depositions and affidavits in the light most favorable to plaintiffs as the parties opposing defendants' motion. Shinabarger v. United Aircraft Corporation, 262 F. Supp. 52 (D. Conn. 1966). Having done so, this Court cannot sustain the motion. The Court is of the opinion that the papers and pleadings now before it, when taken as a whole, generate fact questions to be determined by the trier of fact.

This Court concludes from the papers and pleadings before it that several representatives of the insurer made numerous calls on the plaintiffs from mid-March 1966 until on or about February 21, 1968, for the purported purpose of settling all claims arising out of the accident in question. During this time period the insurer, through its representatives, made numerous indications of its willingness to effect a prompt settlement of plaintiffs' claims. In addition, the insurer continuously assured plaintiffs that it would be unnecessary for them to secure the services of an attorney for the purpose of assisting them in reaching a settlement. The Court notes that despite the repeated assurances on the part of the insurer that a settlement would be made, the matter of damages was never seriously negotiated prior to the expiration of the statute. These facts, viewed in connection with the inexperience and lack of sophistication in such matters on the part of plaintiffs, compel the Court to leave to the trier of fact the question of whether or not defendants are equitably estopped from asserting the bar of the statute of limitations.

Accordingly, the Court decides that plaintiffs' claim of equitable estoppel presents genuine issues as to certain material facts, and that a trier of fact could conclude that defendants are estopped from asserting the bar of Iowa Code Annotated § 614.1.

It is ordered that defendants' motion for summary judgment be and is hereby denied.