**Victoria A. LEHMAN, as Executor of the Estate of Robert Wayne Lehman, deceased, Appellant,**

**v.**

**HUMPHREY CAYMAN, LTD. and Holiday Inns, Inc., Appellees.**

No. 82–1645.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1983.

Decided July 19, 1983.

Minor Barnes, Matthew G. Novak, Pickens, Barnes & Abernathy, Cedar Rapids, Iowa, for appellant.

James W. Crawford, Elizabeth A. Brown, Crawford, Sullivan & Read, Cedar Rapids, Iowa, for appellees.

Before LAY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

LAY, Chief Judge.

Victoria Lehman appeals from the district court's dismissal of her wrongful death action against the defendants. The district court dismissed the action on the ground of forum non conveniens, holding that it would be more convenient for the suit to be brought in the Cayman Islands, British West Indies. We reverse and remand to the district court with directions to reinstate the suit.

Lehman's action stems from the presumed death of her husband, Robert Wayne Lehman, while he was a guest at the Grand Caymanian Holiday Inn in the Cayman Islands. Victoria Lehman is a citizen of the State of Iowa, as was Robert Lehman before his death. Humphrey Cayman, Ltd., is a corporation organized under the laws of the Cayman Islands, and maintains corporate offices in Tennessee. Humphrey Cayman owns and operates the Grand Caymanian Holiday Inn, and is a franchisee of Holiday Inns. Holiday Inns is a Tennessee corporation, and maintains a registered agent in Iowa.

Robert Lehman and his son were guests of the Grand Caymanian Holiday Inn for several days in November 1980. On November 21, Robert Lehman rented a 16-foot "Hobie Cat" sailboat from a sailboat rental shop, Bob Soto's Diving Ltd., located on the hotel premises. Robert and two other persons set sail on the Caribbean Sea. Several hours later, observers informed the manager of the sailboat rental shop that Robert Lehman's sailboat was not visible from the shore. An air search was launched. Searchers eventually discovered only the wreckage of the sailboat; Lehman and his two companions are presumed dead.

Victoria Lehman brought suit in the federal district court for the Northern District of Iowa, alleging that the defendants breached express and implied warranties that the hotel and its facilities, including the rental shop and its sailboat, were safe for their intended uses, and that the defendants were negligent in failing to exercise the due care required of an innkeeper for the protection of its guest. The defendants moved to dismiss, arguing *inter alia* that the district court had no personal jurisdiction over the defendants, and that if personal jurisdiction did exist the action should be dismissed pursuant to the doctrine of forum non conveniens.

The district court held that it possessed personal jurisdiction over the defendants, but it agreed with the defendants that the Cayman Islands was the more convenient forum in which this suit should be litigated. The district court held that, after it considered the factors enunciated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), it was "convinced that the interests of convenience require the dismissal of this action."

*Analysis.*

■ The determination of whether an action should be dismissed on the ground of forum non conveniens is committed to the sound discretion of the district court, and will be overturned only upon a showing of an abuse of that discretion. In *Gilbert*, the Supreme Court held:

Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own

jurisdiction so strong as to result in many abuses.

330 U.S. at 508, 67 S.Ct. at 843 (footnote omitted).

Although perhaps no list of factors is exhaustive, the Supreme Court in *Gilbert* enunciated private and public concerns a trial court must consider when it decides whether to dismiss a case on the ground of forum non conveniens:

> If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harrass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having local-

ized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

330 U.S. at 508–09, 67 S.Ct. at 843 (footnotes omitted).

The district court, relying upon *Gilbert,* found that relevant private and public interest factors required dismissal of the action. Of the various private factors listed in *Gilbert,* the trial court discounted the relative ease of access to sources of proof and the possibility of a view of the premises. However, the court found dispositive (1) the fact that the defendants do not have available compulsory process for attendance of witnesses who live in the Cayman Islands and (2) the fact that the defendants would not be able to implead Bob Soto's Diving Ltd., the sailboat rental shop, in a federal forum in Iowa. The trial court also found that the place of Lehman's death provided the Cayman Islands with the more significant "local interest" and that the substantive law of the Cayman Islands would control the case. Therefore, the court held that the interests of convenience required the dismissal of the action.

■ We may disturb the district court's decision only if we find an abuse of discretion; simply to disagree with the district court as if the facts had been presented to this court in the first instance cannot be the basis of our decision. *Paper Operations Consultants International, Ltd. v. SS Hong Kong Amber,* 513 F.2d 667, 670 (9th Cir. 1975).

■ Although the Supreme Court has ruled that the plaintiff's residence is not to be given dispositive weight in ruling on a motion for dismissal under the doctrine of forum non conveniens, it is nonetheless a significant concern to be considered by the trial court. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981) (the presumption in fa-

vor of the plaintiff's choice of forum applies with less force when the plaintiff or real parties in interest are foreign).

In addition, earlier Supreme Court decisions have emphasized the deference to be given a plaintiff's choice of forum. In *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), the Court stated that "[i]n any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown. " *Id.* at 524, 67 S.Ct. at 831. In *Gilbert,* relied upon by the district court, the Supreme Court admonished that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," 330 U.S. at 508, 67 S.Ct. at 843, and that jurisdiction is to be declined only in "exceptional circumstances," *id.* at 504, 67 S.Ct. at 841.

Courts of appeals have reinforced these considerations. In *Founding Church of Scientology v. Verlag,* 536 F.2d 429 (D.C. Cir.1976), the court observed:

> [C]ourts should require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion to deny a citizen access to the courts of this country.

*Id.* at 435, *quoting Burt v. Isthmus Development Co.,* 218 F.2d 353, 357 (5th Cir.1955). *See also Pain v. United Technologies Corp.,* 637 F.2d 775 (D.C.Cir.1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981), in which the court held:

> Thus, the plaintiff's choice of forum is more than just one factor that the trial judge must consider when balancing equities between two alternative forums.

Trial judges do not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff.

637 F.2d at 783 (footnote omitted).

*See also Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 65 (2d Cir.1981) ("Emphasis on the district court's discretion, however, must not overshadow the central principle of the *Gilbert* doctrine that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' "); *Hoffman v. Goberman,* 420 F.2d 423, 426 (3d Cir.1970).[1]

In our view the district court failed to properly weigh the parties' convenience in light of the above principles. The court made no finding of exceptional circumstances or that the defendants' interests "strongly" favored dismissal. In fact, the court indicated simply that it was a "close" question.[2]

We turn now to the district court's analysis.

### A. Location of Key Witnesses.

The district court found that many of the key witnesses reside in the Cayman Islands, and that the defendants have available to them no compulsory process to compel the attendance of unwilling witnesses at a trial in this country. The district court also found that to the extent such witnesses would be willing to appear, the cost to the defendants of transporting them to trial in Iowa would be substantial.

 In making this evaluation, the district court did not address the fact that

---

1. Because the criteria for forum non conveniens dismissal in the state courts in Iowa are essentially the same as the federal criteria, *Silversmith v. Kenosha Auto Transport,* 301 N.W.2d 725, 727–28 (Iowa 1981), we need not decide here whether state or federal law is the source of the rule. *See Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843; *Mizokami Brothers of Arizona, Inc. v. Mobay Chemical Corp.,* 660 F.2d 712, 719 n. 10 (8th Cir.1981); *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 157 & n. 17 (3d Cir.

1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

2. We recognize that, notwithstanding the plaintiff's choice of forum, if the balance of conveniences makes trial in the forum at issue "*unnecessarily* burdensome" for the defendant or the court, dismissal would be proper. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 256 n. 23, 102 S.Ct. at 266 n. 23.

many of the witnesses work for the Holiday Inn and compulsory process probably would not be necessary to produce its own employees for an appearance at trial. Furthermore, the geographical location of the witnesses should not be dispositive. The time and expense of obtaining the presence or the testimony of a foreign witness in a local forum are significantly lessened by modes of communication and travel that are commonplace today. Use of admissions can also eliminate the need for much of the testimony. Furthermore, the district court did not consider the possibility of taking the foreign witnesses' testimony in the Cayman Islands, or wherever else they may be located. *See* Fed.R.Civ.P. 28(b) and 29. *See also Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir.1980) (Newman, J., concurring), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981). Moreover, Lehman's claim for relief is based upon two counts: (1) breach of express and implied warranties and (2) negligence. Although the accident took place in the Cayman Islands, most of the contractual arrangements for the accommodations with the travel agency and with Holiday Inn took place in Iowa, and therefore many witnesses with knowledge relevant to the warranty count would be present in Iowa. In addition, Robert Lehman was a longtime resident of Iowa; as such, witnesses material to the plaintiff's claim also would be closer to the local forum than to the Cayman Islands. At best we find that, in light of the location of the defendants' witnesses, Lehman's choice of an Iowa forum is not suggestive of harassment of the defendants nor oppressive to their defense. This factor standing alone does not set forth exceptional circumstances of inconvenience for the defendants to defend in an Iowa court. The location of the defendants' witnesses, when balanced with the plaintiff's inconvenience to produce witnesses in the Cayman Islands, is not an exceptional circumstance which would justify the denial of the plaintiff's choice of a local forum.

## B. *The Defendants' Ability to Implead.*

The district court placed great emphasis upon the defendants' inability to implead the sailboat rental shop if the action were tried in Iowa. We think the court erred in doing so. The defendants' primary defense appears to be that it was not negligent in its actions toward Robert Lehman, and that if any party was negligent, it was the sailboat rental shop, Bob Soto's Diving Ltd. (Soto). The defendants contend that if trial is held in federal court in Iowa, they will be unable to implead Soto as a third-party defendant in a claim for contribution or indemnity since the court has no personal jurisdiction over Soto. The district court concluded that the more expeditious and inexpensive course of action would be for all claims to be resolved in a single action in the Cayman Islands. *See Piper Aircraft Co. v. Reyno*, 454 U.S. at 259, 102 S.Ct. at 267.

It is certainly more efficient, from the viewpoint of the administration of justice, to have all disputes arising from an incident settled in one place and in one lawsuit. The liberal joinder of parties allowed by the Federal Rules of Civil Procedure is designed to achieve such efficiency. However, as the Second Circuit has held, "impleader practice is discretionary with the courts and care must be taken to avoid prejudice to the plaintiff or third-party defendant." *Olympic Corp. v. Societe Generale*, 462 F.2d 376, 379 (2d Cir.1972). In the present case, as in *Olympic Corp.*, the difference between the plaintiff's claims against the defendants and the latter's claims against the third-party defendant is such that it is not likely that separate trials of the claims would require much duplication of proof or result in inconsistent judgments. In addition to the negligence count, Lehman is suing the defendants for the alleged breach of warranties contained in the defendants' advertising materials received by Robert Lehman in the United States. Whatever claim the defendants might have against Soto for indemnity or contribution based on the defendants' alleged breach of these warranties certainly would not involve the same issues as Lehman's warranty claim against the defendants, since the warranties were

made by the defendants, not by Soto. *See Olympic Corp.,* 462 F.2d at 379. Therefore, although trial of all claims in the Cayman Islands may be more expeditious from a viewpoint of judicial administration, this is so only to a slight degree, and does not take into account the convenience of all parties. Assuming judgment were rendered against the defendants, they would be free to pursue their claim for contribution or indemnity against Soto in an action in the Cayman Islands.

## C. Interest of the Forum in the Dispute.

The district court held that the Cayman Islands have a more significant local interest in the dispute than do Iowa and the United States. Robert Lehman was a guest of the Grand Caymanian Holiday Inn at the time of his death. He rented a sailboat from a Caymanian shop, and the accident took place in the Cayman Islands.

However, we find the district court failed to weigh the fact that Iowa and the United States have an equally strong local interest in the dispute. Robert Lehman was a resident of Iowa, the defendants engaged in a systematic advertising effort to generate business in Iowa, the representations re-garding the hotel and its facilities were directed at Robert Lehman and his son in Iowa, and the hotel reservations were made through a travel agency in Iowa. We find that when the defendants have conducted business in Iowa to this extent,[3] and when an Iowa resident is killed or injured during the course of his business with the defendants, the State of Iowa and the United States have an interest in seeing that the plaintiff is provided a convenient local forum, especially when the only alternative forum available to the plaintiff is outside the United States. In determining whether the defendants would be subject to personal jurisdiction in an Iowa forum, the district court noted that "the forum state's interest in providing a forum for its injured residents is neither insignificant or absent.... In addition to the interest of Iowa, in a case such as this where the only available United States venue lies in a single district, the United States itself has an interest in seeing that plaintiff is provided a forum in this country." But this reasoning was either ignored or given little weight when the trial court evaluated the convenience of the parties and the interest of the Iowa forum in entertaining the case.[4]

---

**3.** The district court, in holding that it possessed the power to exercise personal jurisdiction over the defendants, found that "it is quite likely that Lehman and his son would never have chosen the Grand Caymanian if Cayman had not engaged in a systematic effort to generate business in Iowa." This may be contrasted with cases in which the litigation had little or no connection with the forum, and the action was dismissed on the ground of forum non conveniens. For example, in *Gilbert,* a Virginia plaintiff sued a defendant incorporated in Pennsylvania. Suit was brought in federal district court in New York. The suit stemmed from a fire, allegedly caused by the defendant, at the plaintiff's warehouse in Virginia. The suit was dismissed in favor of a Virginia forum. 330 U.S. at 502–03, 67 S.Ct. at 840.

In *Paper Operations Consultants International, Ltd. v. SS Hong Kong Amber,* 513 F.2d 667 (9th Cir.1975), the plaintiff cargo owner, a Bahamian corporation with its principal office in Florida, sued the defendant ship owner, a Liberian corporation. Suit was brought in federal district court in San Francisco. The suit arose from the defendant's shipment of the plaintiff's cargo from Vancouver, British Columbia to Singapore. The only connection San Francisco had with the dispute was that the plaintiff's San Francisco counsel began pre-litigation negotiations in San Francisco with the agency that issued the bill of lading. The action was dismissed in favor of a Vancouver forum. *Id.* at 669, 672.

Finally, in *J.F. Pritchard & Co. v. Dow Chemical of Canada, Ltd.,* 462 F.2d 998 (8th Cir. 1972), the plaintiff sued regarding a construction contract between the plaintiff's Canadian subsidiary and the Canadian defendant. Suit was brought in federal district court in Missouri. The contract was executed by Canadian companies, was almost entirely performable in Canada, and the majority of work under the contract was done in Canada. The contract called for the application of Canadian law, and any judgment for the plaintiff would have to be enforced in Canada. In addition, suit on the contract was already pending in a Canadian court. *Id.* at 1000. In upholding the district court's dismissal, this court said: "Appellant made his bed in Canada; now he must lie in it if he wishes to proceed." *Id.* at 1002.

**4.** *See Aigner v. Bell Helicopters, Inc.,* 86 F.R.D. 532, 543 (N.D.Ill.1980) ("When ... it is shown that there exists a significant relationship be-

D. *Application of Substantive Law.*

[6, 7] The district court held that according to Iowa's choice of law rule[5] the substantive law of the Cayman Islands would govern this dispute. This finding, if correct,[6] would weigh in favor of trial in the Cayman Islands. *See Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843 ("appropriateness . . . in having the trial of a . . . case in a forum that is at home with the . . . law that must govern the case"). However, we find the district court's analysis failed to take into consideration the fact that Lehman's warranty claims have their roots in Iowa and may necessarily involve Iowa law. It is true that the negligence claim is based upon the events in the Cayman Islands and Cayman Island law likely would govern that count. However, the fact that a federal court may be required to apply foreign law is not dispositive on the forum non conveniens issue. Federal courts are quite capable of applying foreign law when required to do so, and a district court's application of foreign law is a factual matter reviewable on

appeal. *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d at 67–68 ("[W]e must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform"); *Olympic Corp. v. Societe Generale,* 462 F.2d at 379; *Hoffman v. Goberman,* 420 F.2d at 427; *Burt v. Isthmus Development Co.,* 218 F.2d at 357.

E. *Plaintiff's Ability to Litigate in a Foreign Forum.*

We find the district court failed to consider fully the practical results of its decision to dispatch Lehman to the Cayman Islands to litigate her dispute. Attorneys in the Cayman Islands apparently do not accept cases on a contingent fee basis, and Lehman states that she is financially unable to pay the retainer fee that a Cayman Island attorney would require. Lehman also argues that it would be unlikely that she would be able to obtain a jury trial in the Cayman Islands, and furthermore, since she

---

tween the forum at issue and the litigation, the plaintiff's choice of forum must be accorded great weight and, for that reason, 'should rarely be disturbed.' ").

We note that the question whether a forum may exercise personal jurisdiction over a defendant involves "traditional notions of fair play and substantial justice," *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), while a determination of a forum non conveniens issue involves the relative *convenience* of the parties to suit in one forum vis-a-vis other forums. In spite of this distinction it would seem inconsistent for a court to hold that Iowa and the United States have an interest in a dispute for purposes of determining personal jurisdiction, but not for purposes of determining the convenience of the fourm. Therefore, as we analyze the forum non conveniens issue in this case, we rely to some extent on the district court's findings regarding its personal jurisdiction over the defendants.

5. *See Zeman v. Canton State Bank,* 211 N.W.2d 346, 348–49 (Iowa 1973) ("most significant relationship"); *see also Restatement (Second) of Conflict of Laws* §§ 6, 145 (1971).

6. We are not certain that the substantive law of the Cayman Islands would govern this dispute

entirely. In conflict-of-laws questions, Iowa has adopted the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws. *Conradi v. Boone,* 316 F.Supp. 918, 920 (S.D.Iowa 1970); *Cole v. State Automobile & Casualty Underwriters,* 296 N.W.2d 779, 781 (Iowa 1980); *Zeman v. Canton State Bank,* 211 N.W.2d at 348–49. Under this approach (we note without deciding the issue) it is probable that the substantive law of the Cayman Islands would govern the negligence count. *See Restatement (Second) of Conflict of Laws* §§ 145, 146 (1971). However, it is not clear that the law of the Cayman Islands would govern Lehman's breach of express warranty action. *Cf. id.,* § 188 (contacts to consider in determining most significant relationship include the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties). We note, again without deciding the question, that it is arguable that the substantive law of Iowa should govern Lehman's express warranty claim. The express warranty was made by the defendants in Iowa, and it was received and accepted in Iowa when reservations were made in Iowa for accommodations in the defendants' hotel. *See generally Cole v. State Automobile & Casualty Underwriters,* 296 N.W.2d at 781; *Joseph L. Wilmotte & Co. v. Rosenman Brothers,* 258 N.W.2d 317, 325–26 (Iowa 1977).

is a foreigner, a court there would require her to post a cost bond of at least $1,000. Lehman also argues that recoveries in the Cayman Islands for wrongful death generally do not exceed $5,000; the defendants dispute the latter statement.

As the district court noted, a plaintiff's showing of less favorable substantive law in the alternative forum is not to be given conclusive or even substantial weight in a forum non conveniens determination. *Piper Aircraft Co. v. Reyno*, 454 U.S. at 247, 102 S.Ct. at 261. However, this is not an issue concerned wholly with a less favorable substantive law. The court must be alert to the realities of the plaintiff's position, financial and otherwise, and his or her ability as a practical matter to bring suit in the alternative forum. *See Manu International, S.A. v. Avon Products, Inc.*, 641 F.2d at 67; *Thomson v. Palmieri*, 355 F.2d 64, 66 (2d Cir.1966); *Hodson v. A.H. Robins Co.*, 528 F.Supp. 809, 818 (E.D.Va.1981).

### F. *Residence of the Parties.*

The defendants argue that *Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147 (2d Cir.1980), represents the modern trend that the American citizenship of the plaintiff should not bar a forum non conveniens dismissal when the only alternative forum is in a foreign jurisdiction. *See id.* at 154–56. We do not place any "talismanic significance" on the fact that Lehman is a United States citizen. However, significant contacts between the defendants and Robert Lehman took place in the United States, and as we noted, Iowa and the United States have a significant interest in this dispute. These facts arise largely as a result of Lehman's (and her husband's) residence in Iowa.[7]

In a case decided after the *Alcoa Steamship* decision, the Second Circuit observed:

It is almost a perversion of the *forum non conveniens* doctrine to remit a plaintiff, in the name of expediency, to a forum in which, realistically, it will be unable to bring suit when the defendant would not be genuinely prejudiced by having to defend at home in the plaintiff's chosen forum.

*Manu International, S.A. v. Avon Products, Inc.*, 641 F.2d at 67.

In *Founding Church of Scientology v. Verlag*, 536 F.2d 429 (D.C.Cir.1976), the court of appeals, in reversing the district court's forum non conveniens dismissal, found significant the fact that the defendant was a resident of the United States. "In incorporating in this country and locating here," the court said, "they have in effect signified their willingness to be sued in American courts." *Id.* at 435. In this case, the defendant Holiday Inn is a Tennessee corporation. Although the defendant Humphrey Cayman is a Caymanian corporation, it maintains corporate offices in Tennessee. Thus, in this case, as in *Verlag*, the fact that the defendants are located in this country is one indication that it would be less burdensome for the defendants to defend suit in this country than it would be for Lehman to litigate in a foreign country.

The court in *Verlag* noted: "The doctrine that a United States citizen does not have an absolute right to use United States courts usually is expressed in the context of a citizen doing business abroad, expecting still to use United States courts." 536 F.2d at 435 (quoting *Thomson v. Palmieri*, 355 F.2d at 65). Such was the case in *Alcoa Steamship Co. v. M/V Nordic Regent*, in which the plaintiff was a New York corporation, and owned a pier in Trinidad. The suit arose when the Nordic Regent collided with the pier. In holding that Trinidad's limitation of damages law did not militate against the district court's decision that Trinidad was the more convenient forum, the Second Circuit said:

---

7. In *Piper Aircraft Co. v. Reyno*, 454 U.S. at 255–56, 102 S.Ct. at 265–66, it was held that a foreign plaintiff's choice of forum is given less weight than the choice of a resident or citizen, because it is much less reasonable to assume that a foreign plaintiff's choice of a United States forum is based on convenience than it is to assume that a United States plaintiff's choice of a United States forum is based on convenience. *See also* Note, *Forum Non Conveniens and American Plaintiffs in the Federal Courts*, 47 U.Chi.L.Rev. 373, 382–83 (1980).

[I]t is not at all unfair for appellant to recover the lesser amount. Its pier was in Trinidad. It was not likely to go traveling. As long as it did not, Trinidad's damage limitation law governed. It would be far more unfair to impose an additional recovery against appellee when appellant, fully familiar with the law of the place where it maintained a permanent business, could have insured its additional risk in a prudent fashion. There is no reason to suppose that it has not done so.

654 F.2d at 159.

In this case, Robert Lehman was not doing business abroad on a daily basis, but instead was pursuing a personal vacation of a few days' duration in a vacation spot located just outside the United States. In arranging his vacation, he dealt with an American corporation and relied on the defendants' representations received by him in Iowa. The defendants, on the other hand, actively solicited business in the United States, were incorporated or at least maintained corporate offices here, and fairly could be expected to anticipate and take into account the cost of defending a lawsuit brought in a United States forum. Thus, even though considerations of fairness are more properly part of the jurisdictional analysis than of a forum non conveniens determination, the above-discussed factors indicate the relative conveniences of the parties and their respective abilities to bring or defend against a lawsuit brought in the United States or the Cayman Islands.

*Conclusion.*

We find that the district court did not weigh properly the location of the parties' witnesses relating both to liability and damages. We find as well that the district court gave undue weight to the defendants' desire to implead a third-party defendant. In addition, the court failed to consider that Iowa law may well control Lehman's claim for breach of warranties, and that both

Iowa and the United States have a significant interest in the litigation. The district court also failed to consider realistically Lehman's practical ability to litigate her claims properly in a foreign court, and failed to give proper weight to the significant factor of Lehman's residence, and the significant local contacts that arose as a result of that residence.

In light of the Supreme Court's direction that a dismissal on the ground of forum non conveniens should occur only *rarely* and in extraordinary circumstances,[8] and only when the balance of conveniences weighs strongly in favor of dismissal, we hold that the district court abused its discretion in dismissing Lehman's action. Accordingly, the district court's decision is reversed.

---

8. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 255, 102 S.Ct. at 265; *Gilbert,* 330 U.S. at 504, 508, 509, 67 S.Ct. at 840, 843, 843; *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. at 524, 67 S.Ct. at 831.