726 F.2d 443
 David DeSHANE, Individually, and David DeShane, as Father
and Next Friend of David D. DeShane, Katherine M.
DeShane, and Debra Ann DeShane, and
Dorothy DeShane, Appellants,
v.
DEERE & COMPANY, Appellee.
 No. 83-1561.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 14, 1983.
Decided Feb. 7, 1984.
 
 Richard J. Sapp, Michael W. Thrall, Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, Iowa, for appellee.
 Wunschel, Eich & McMinimee, P.C., Russell S. Wunschel, Gary L. McMinimee, Carroll, Iowa, Sommers & Roth, Richard Sommers, Toronto, Canada, for appellants.
 Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Appellants appeal from an order entered in the United States District Court[1] for the Southern District of Iowa dismissing their product liability action on the ground of forum non conveniens. For the reasons discussed below, we remand the case to the district court for findings of fact and articulation of reasons supporting its decision in order to facilitate meaningful appellate review. We retain jurisdiction over the appeal pending return of the record.
 
 
 2
 Appellants' two-count action, based on strict liability and negligence, arose out of an industrial accident which occurred on September 30, 1980, in Canada. Appellants David DeShane and his wife and children are citizens and residents of Canada. Defendant Deere & Company is a Delaware corporation, having its principal place of business in the United States and doing business in Iowa.
 
 
 3
 While performing his duties as a maintenance worker at the Metcalfe Foods, Ltd., plant in Ontario, Canada, DeShane allegedly fell into the cutting knives of a Forest Harvester and sustained severe physical injuries. The harvester had been designed and manufactured by defendant at its plant in Iowa. The harvester was then sold by defendant to its Canadian distributor and wholly-owned subsidiary. Metcalfe eventually purchased the harvester from a Canadian dealer.
 
 
 4
 Metcalfe purchased the unit without a harvesting head and with an electric motor for installation in a stationary position. Similar harvesters have been installed and used in Iowa in this manner. Soon after the harvester was installed, and several months before DeShane's accident, Metcalfe experienced problems and contacted defendant in Iowa for suggested solutions. Metcalfe Foods, Ltd., is no longer in business and the particular harvester although still in Canada, is not part of the plant as now operated.
 
 
 5
 On September 16, 1982, appellants filed their action in the District Court for the Southern District of Iowa. Count I was based on strict liability alleging that the harvester was defectively designed and manufactured because the cutting knives were unguarded; count II alleged negligence in defendant's failure to provide appropriate safety accessories and adequate instructions and warnings.
 
 
 6
 Defendant moved to dismiss the action on the ground of forum non conveniens asserting that Ontario was an adequate alternative forum. Appellants asserted, in opposition to the motion, that Ontario was not an available forum because, among other reasons, the contingency fee system for maintaining tort actions is prohibited in Ontario and appellants are unable to pay the retainer fee that would be required. A hearing was held on the motion and both parties submitted written briefs and supporting affidavits. The district court conditionally granted defendant's motion to dismiss, stating as follows:
 
 
 7
 After having examined the file in the case with particular attention to the motion and the resistance and the accompanying briefs and supporting affidavits and after having heard the oral statements of counsel, the Court is of the opinion that under the case law and the facts presented, both the private factors and the public factors to be considered by the court require that the motion to dismiss should be granted.
 
 
 8
 DeShane v. Deere & Co., No. 82-514-C (S.D.Iowa Mar. 21, 1983).
 
 
 9
 The dismissal was granted on the condition that defendant not raise a defense of statute of limitations or object to personal jurisdiction in the Canadian court and that defendant make available witnesses and furnish security as required by the Canadian court to satisfy a judgment.
 
 
 10
 Factors applicable to a forum non conveniens determination were set forth in the leading case of Gulf Oil Co. v. Gilbert, 330 U.S. 501, 507-09, 67 S.Ct. 839, 842-43, 91 L.Ed. 1055 (1947) (Gilbert ). These include the private interests of the litigants, among them the relative ease of access to sources of proof, the availability of compulsory process to compel the attendance of unwilling witnesses, the cost of obtaining the attendance of witnesses, and the possibility of obtaining a view of the premises, when relevant. Gilbert recognized that forum non conveniens determinations also implicate public interests, such as the court's caseload, the unfairness of burdening citizens in an unrelated forum with jury duty and the avoidance of creating difficult conflict of laws problems and problems which might arise if a forum is required to apply a law unfamiliar to it. Gilbert emphasized the need to retain flexibility in forum non conveniens decisions and refused to identify specific circumstances "which will justify or require either grant or denial of remedy." Id. at 508, 67 S.Ct. at 843.
 
 
 11
 In Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (Piper Aircraft ), the Supreme Court reiterated the need to retain flexibility, but held that "the possibility of an unfavorable change in substantive law should never be a relevant consideration in a forum non conveniens inquiry." Id. at 254, 102 S.Ct. at 265 (emphasis in original). In that case, the representative of the estate of several citizens and residents of Scotland who were killed in an airplane crash in Scotland instituted wrongful death litigation in a United States court against the American company that designed and manufactured the plane in the United States. The representative sought recovery on the basis of negligence or strict liability (not recognized by Scottish law), and filed the suit in the United States because its laws regarding liability, capacity to sue, and damages were more favorable than those of Scotland.
 
 
 12
 Piper Aircraft also held that the ordinarily applicable presumption in favor of the plaintiff's choice of forum applies with less force when the plaintiff is foreign.
 
 
 13
 When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.
 
 
 14
 Id. at 256, 102 S.Ct. at 266 (footnote omitted).
 
 
 15
 This court has recently had occasion to review and analyze the factors involved in a forum non conveniens determination in Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339 (8th Cir.1983) (Lehman ). In that case a United States citizen and resident of Iowa filed a wrongful death action in the federal district court for the Northern District of Iowa against a Tennessee corporation which had a registered agent in Iowa. The action arose out of a sailboat accident involving the plaintiff's husband while he was a guest at a hotel owned and operated by the defendant in the Cayman Islands, British West Indies. On appeal we reversed the district court's dismissal on the ground of forum non conveniens, holding that the district court failed to consider certain relevant factors and improperly weighed others. Id. at 347.
 
 
 16
 As recognized in Lehman, the determination of whether an action should be dismissed on the ground of forum non conveniens is committed to the sound discretion of the district court and will be overturned only upon a showing of an abuse of that discretion. Id. at 340. Clearly there are facts which distinguish the present case from Lehman, most notably appellants' foreign citizenship and residence. In the present case, however, the district court did not make factual findings or articulate reasons to enable suitable review of its holding. As the record now stands we are not in a position to determine whether the district court considered and properly weighed all the legally relevant factors involved in a forum non conveniens ruling. Though findings are not normally required on rulings on motions, Fed.R.Civ.P. 52(a), we may properly remand for further elucidation when review would be substantially hindered without it.
 
 
 17
 Accordingly, we vacate the judgment and remand the case to the district court for appropriate findings and reasons for its resolution of the factual, legal and discretionary issues presented. We retain jurisdiction over the appeal pending return of the record.
 
 
 
 [1]
 The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa