**Mark S. TROMPETER, Appellant,**

v.

**BOISE CASCADE CORPORATION, Appellee.**

No. 88–5355.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1989.

Decided June 12, 1989.

Charles H. LeDuc, International Falls, Minn., for appellant.

Mark B. Rotenberg, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

LAY, Chief Judge.

Mark Trompeter was employed by Boise Cascade (Boise) at its paper plant from July 1979 until he was discharged on November 18, 1986. In the course of an investigation, the State of Minnesota discovered in 1986 that Trompeter had fraudulently received unemployment benefits while he was employed by Boise. Boise terminated Trompeter when it learned of the fraud. Trompeter's union (United Paper Workers International Local 159) (hereinafter Union) filed a grievance on Trompeter's behalf the day after the discharge, claiming unjust termination. Boise denied the grievance and refused to arbitrate. The Union did not press the claim further and Trompeter filed a lawsuit, seeking to compel Boise to arbitrate. Boise moved for summary judgment, which was granted by the district court[1] on July 20, 1988.[2]

■ The district court dismissed Trompeter's suit for lack of standing. We agree. Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1982) specifically describes as parties (to suits authorized by the section) employers and labor organizations.[3] Further, under the terms of the Boise–Union

collective bargaining agreement Article XXIII ("Grievances"), Trompeter has no standing to compel arbitration under these circumstances. Article XXIII specifically confers the right to compel arbitration upon the "Company" and the "Union" only. *See* Appendix to Brief for Appellant at 40–41. *See also Black–Clawson Co. v. International Ass'n of Machinists Lodge 355*, 313 F.2d 179, 183–84 (2d Cir.1962); *Procter & Gamble Indep. Union v. Procter & Gamble Mfg. Co.*, 312 F.2d 181, 184–86 (2d Cir.1962), *cert. denied*, 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963). *Cf. Local Union No. 12, United Rubber, Cork, Linoleum & Plastic Workers v. NLRB*, 368 F.2d 12, 18 n. 8 (5th Cir.1966), *cert. denied*, 389 U.S. 837, 88 S.Ct. 53, 19 L.Ed. 2d 99 (1967), *reh'g denied*, 389 U.S. 1060, 88 S.Ct. 762, 19 L.Ed.2d 866 (1968).

■ In addition to his suit to compel arbitration, Trompeter filed suit against Boise directly under section 301 of the Labor Management Relations Act. It is well settled that ordinarily, it is the union's task to seek judicial enforcement of the collectively bargained terms on the employee's behalf. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). The Supreme Court has discussed the exceptional circumstances justifying a suit by an employee against his employer:

> [T]he wrongfully discharged employee may bring an action against his employer * * * provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. * * * The court is free to determine whether the employee is barred by the actions of his union representative, and, if not, to proceed with the case.

**1.** The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

**2.** The court ruled from the bench on July 20, 1988. The court's written opinion supplementing the decision was dated July 22, 1988.

**3.** 29 U.S.C. § 185(a) states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

*Vaca v. Sipes,* 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967) (footnote omitted). *Accord United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981) (" 'To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union....' "), *modified on other grounds, DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). This circuit has recently adhered to this standard, saying:

> For employees to maintain a suit against their employer under 301(a) of the Labor Management Relations Act they must exhaust any exclusive grievance and arbitration procedures established under the collective bargaining agreement. Only if exhaustion has been precluded by the Union in breach of its duty of fair representation can this obligation be bypassed.

*Smegal v. Gateway Foods of Minneapolis,* 763 F.2d 354, 358–59 (8th Cir.1985) (citations omitted), *appeal after remand,* 819 F.2d 191 (8th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987). In the instant case, there has been no allegation that the Union breached its duty to fairly represent Trompeter. Trompeter thus has not met the requirements of a section 301 action against his employer.

Under these circumstances we affirm the judgment of the district court. It is thus unnecessary for us to pass upon the other issues raised.

It is so ordered.

Affirmed.