The petition for rehearing will therefore be denied.

James CARROLL, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 90-2694.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1991.

Decided Sept. 4, 1991.

Sheldon Weinhaus, St. Louis, Mo., for appellant.

___

* The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkan- sas, sitting by designation.

Christian A. Bourgeacq, St. Louis, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

James Carroll appeals from a judgment of the district court dismissing his complaint against Southwestern Bell Telephone Company (SWBT). We reverse and remand.

In February 1990 Carroll filed a two-count complaint in state court against SWBT. Count I alleged wrongful discharge in violation of a collective bargaining agreement. Count I further alleged that Carroll had attempted to exhaust the agreement's grievance procedures, but that SWBT had repudiated, waived, or rendered the procedures futile. Count II incorporated Count I by reference and further alleged intentional infliction of emotional distress.

In March 1990 SWBT filed a petition to remove the complaint to federal district court on the grounds that the action was preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA) and by the Employee Retirement Income Security Act, 29 U.S.C. 1144 (ERISA). SWBT noted that many of the allegations in Count II were already pending before the court in *Carroll v. Southwestern Bell Corp., et al.,* No. 89–1565–C–6 (ERISA case), which Carroll had filed in August 1989 against SWBT, Southwestern Bell Corporation and six benefit plans. SWBT then filed a motion to dismiss the action, alleging, among other reasons, that the action was time-barred because it was not filed within six months of the discharge. *See DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Carroll initially responded that although Count I was a "straight discharge action, whatever law is applied," Count II alleged misconduct independent of the discharge, noting in particular the allegations of post-discharge misconduct. Carroll also assert-ed the discharge action was not time-barred and relied on documents that SWBT had filed in support of its motion to dismiss the ERISA case. SWBT then submitted an affidavit it had filed in the ERISA case, stating that Carroll had failed to file a timely grievance. Carroll then responded that SWBT's affidavit was untrue and submitted an affidavit of a union steward.

On May 20, 1989, the district court found that the entire action was preempted by section 301 of the LMRA, *see Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), noting that Carroll himself had characterized the entire action as a "straight-forward" breach of contract claim. The court, however, stated it could not resolve the issues raised in SWBT's motion to dismiss on the record before it, but ordered Carroll to show cause why the action should not be dismissed for failure to state a claim under *Trompeter v. Boise Cascade Corp.,* 877 F.2d 686, 688 (8th Cir.1989) (in 301 action employee must plead breach of the union's duty of fair representation).

Carroll initially responded that *Trompeter* was inapplicable, because it was premised upon exclusive grievance and arbitration procedures. Carroll asserted that SWBT's procedures were not exclusive, noting the agreement provided for an informal resolution procedure. Carroll also argued that *Trompeter* was inapplicable because it did not address employer waiver and repudiation, as alleged in his complaint. *See Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967).

In a supplemental filing, Carroll asserted that under *Hanks v. General Motors Corp.,* 859 F.2d 67 (8th Cir.1988), the court was required to determine whether the intentional infliction of emotional distress claimed in Count II was preempted under section 301. In *Hanks,* this court stated that "when an employee who is covered by a collective bargaining agreement brings a lawsuit stemming from a discharge from employment and which alleges state tort claims, the trial court must carefully consider whether section 301 preemption applies." *Id.* at 69. This court found that a

wrongful discharge claim was clearly preempted but remanded so that the district court could consider whether claims of intentional infliction of emotional distress, outrageous conduct and prima facie tort were preempted under section 301.[1] *Id.*

SWBT filed various replies to Carroll's filings. The filings of both parties made references to the ERISA case and included affidavits and other documentary evidence filed in that case. In addition, on July 3, 1990 Carroll sought leave to file an amended ERISA complaint.[2]

On August 23, 1990 the district court stated it had considered the parties' filings, but dismissed the complaint in a three-line order, citing *Trompeter.*

On appeal Carroll renews his arguments that the court erred in characterizing the entire action as a discharge action and erred in failing to conduct a *Hanks* 301 preemption analysis of his Count II intentional infliction of emotional distress claims. Carroll appears to concede, as perhaps he should, that Count I is preempted by section 301, but argues that the court erred in dismissing the count under *Trompeter* without addressing his arguments concerning exclusivity, waiver and repudiation.

In its brief on appeal SWBT argues that the district court did not err in characterizing the entire action as a discharge action and in dismissing the claim under *Trompeter.* SWBT asserts that the grievance procedures are exclusive and that it had not repudiated, waived, or otherwise made the procedures futile. In the alternative, SWBT argues that even if Count II is independent of the discharge claim, this court need not remand for a section 301 preemption analysis, because the claims are preempted by ERISA and are in fact nearly identical to allegations raised in the ERISA complaint, and are subject to dismissal for failure to state a claim. SWBT has also moved to supplement the record with an affidavit it filed in the ERISA case after judgment in this case, asserting consideration of the affidavit is necessary "for ascertaining the whole truth in this case."

Carroll has moved to strike SWBT's designation of record and opposes SWBT's motion to supplement the record.

It appears that both parties may have unnecessarily complicated presentation of the issues in this case, both on appeal and in the district court, by presenting their arguments in a piecemeal fashion with "supplemental" filing after supplemental filing. We can understand the district court's possible feeling of frustration, as may be evidenced by its cursory dismissal of the action. Although we tend to agree with the district court that Count I is preempted by section 301, *see Hanks*, 859 F.2d at 69, given the state of the record on appeal and the absence of a reasoned district court opinion, we find it difficult meaningfully to review Carroll's allegations of error. In similar circumstances, this court remanded a case where the district court failed to "articulate reasons to enable suitable review of its holding." *DeShane v. Deere & Co.*, 726 F.2d 443, 446 (8th Cir.1984). This court explained that a "remand for further elucidation [was appropriate] when review would be substantially hindered without it." *Id.*[3] *See also Garnac Grain Co. v. Blackley*, 932 F.2d 1563 (8th Cir.1991) ("Questions of law, like other questions, should normally be decided by the District Court in the first instance.").

Likewise, we remand this case to the district court.[4] We strongly suggest that

---

1. After remand, this court held that the claims were not preempted because they in "no way" depended upon interpretation of the collective bargaining agreement. *Hanks v. General Motors Corp.*, 906 F.2d 341, 345 (8th Cir.1990).

2. Subsequent to oral argument, Carroll has informed this court that on August 5, 1991 he filed a seconded amended ERISA complaint.

3. *See also Jader v. Principal Mut. Life Ins. Co.*, 925 F.2d 1075, 1076–77 (8th Cir.1991) (remand so that district court could consider state law question and ERISA jurisdiction); *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 476 (8th Cir.1990) (remand for section 301 preemption analysis).

4. The docket sheet in the ERISA case indicates that due to a possible conflict of interest the

the court consider consolidation of this case with the ERISA case. The court should address the issues raised in this appeal, including, but not limited to, whether the claims in Count II are independent of the discharge claim, and, if so, whether the claims are preempted by section 301 or ERISA and are subject to dismissal for failure to state a claim. We believe the court should also address Carroll's arguments concerning exclusivity, waiver, and repudiation under *Trompeter*.[5]

Accordingly we reverse and remand this case to the district court for further proceedings consistent with this opinion.[6]

case has been transferred to a different district court judge. Perhaps this case as well should be transferred to that judge.

5. On appeal SWBT does not renew its assertions made in its motion to dismiss, but not addressed by the district court, concerning service of process and timeliness. SWBT is free to renew these arguments on remand.

6. In light of our disposition, we deny the parties' various motions concerning the record on appeal as moot.