**Thomas L. GOULD, individually and as Personal Representative for the Estate of Lyn Joanne Gould, Plaintiff–Appellee,**

v.

**AEROSPATIALE HELICOPTER CORPORATION, a Delaware corporation, Defendant–Appellant.**

**Thomas L. GOULD, individually and as Personal Representative for the Estate of Lyn Joanne Gould, Plaintiff–Appellee,**

v.

**SOCIETE NATIONALE INDUSTRIELLE AEROSPATIALE, a French corporation, Defendant–Appellant.**

Nos. 93–35791, 93–35796.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1994.

Decided Nov. 22, 1994.

Stephen C. Johnson, Lillick & Charles, San Francisco, CA, for defendants-appellants.

Richard C. Eymann, Feltman, Gebhardt, Eymann & Jones, Richard John Roberts, Robert M. Seines, Dellut, Roberts, Scanlon & Seines, P.S., Spokane, WA, for plaintiff-appellee.

Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.

PER CURIAM:

We must decide whether a domestic subsidiary of a foreign government-owned corporation is entitled to a nonjury trial when named as a codefendant with its foreign state-owned parent in an action brought under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602–1611. We hold it is not.*

I

This action arose from a helicopter crash in northern Idaho. Defendant Societe Nationale Industrielle Aerospatiale, a French corporation owned by the government of France, designed and manufactured the helicopter. Defendant Aerospatiale Helicopter Corporation, a Delaware corporation with principal place of business in Texas, is a wholly owned subsidiary of the French manufacturer and distributes its products in the United States.

Thomas Gould brought this action in the United States District Court for the Eastern District of Washington as the surviving spouse and personal representative of the estate of a victim of the crash under the Washington survival statutes, Wash.Rev. Code §§ 4.20.046, 4.20.060. Jurisdiction over the claim against the French manufacturer was based on 28 U.S.C. § 1330(a). The complaint also named the domestic distributor and three citizens of Washington as defendants. The district court had pendent party jurisdiction over these defendants under *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407–08 (9th Cir.1990).[1]

Before trial, the French manufacturer and its domestic distributor moved to strike plaintiff's jury demand on the ground that section 1330(a) prohibits a jury trial in any action in which a foreign sovereign is a defendant. The district court denied the defendants' motion to strike as to the domestic distributor. The French manufacturer and the domestic distributor admitted liability. On the remaining issue of damages, the district court held a bench trial as to the French manufacturer and a simultaneous jury trial as to the domestic distributor. The domestic distributor argues that it too should have had a nonjury trial.

II

■ Section 1330(a) provides that "[t]he district courts shall have original jurisdiction ... of any nonjury civil action against a foreign state as defined in section 1603(a) of this title...." The definition of a "foreign state" includes a foreign state-owned corporation but excludes any entity which is "a citizen of a State of the United States as defined in [28 U.S.C. § 1332(c) and (d) ]." 28 U.S.C. § 1603(b). Section 1332(c) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).[2] Because the domestic distributor was incorporated in Delaware and had its principal place of business in Texas, it was not a "foreign state" within the meaning of the statute.

The plain language of section 1330(a) indicates that only parties within the definition of "foreign state" are subject to the statute, and only those parties have the benefit of the protection against jury trials. This interpretation is confirmed by the legislative history. In discussing 28 U.S.C. § 1441(d), which permits removal to federal court of state court actions against "foreign states," the House Report states:

Upon removal, the action would be heard and tried by the appropriate district court sitting without a jury.... Thus, one effect of removing an action under the new

---

* Appellants also raised several arguments regarding excessive damages and issues of state law. These arguments are addressed in a separate unpublished memorandum disposition.

1. The Washington defendants settled prior to trial.

2. The House Report makes clear that the definition of a "foreign state" as used in section 1330(a) "excludes entities which are citizens of a State of the United States ... for example a corporation organized and incorporated under the laws of the State of New York but owned by a foreign state." H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. at 15, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6614.

section 1441(d) will be to extinguish a demand for a jury trial made in the state court.... *This section, again, would not apply to entities owned by a foreign state which are citizens of a State of the United States as defined in 28 U.S.C. 1332(c) and (d)....*

H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. at 33, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6632 (emphasis added).

In discussing the nonjury trial provisions of section 1330(a), the House Report twice refers to the analogy of 28 U.S.C. § 2402, barring jury trials against the United States in suits under the Federal Tort Claims Act, *id.* at 13, 33, 1976 U.S.C.C.A.N. at 6611, 6632. This suggests a congressional intent to prohibit jury trials in circumstances similar to those in which such trials are prohibited in suits against the United States under the Federal Tort Claims Act. *See Ruggiero v. Compania Peruana de Vapores,* 639 F.2d 872, 878 (2d Cir.1981). Parallel trial procedures of the kind employed by the district court in this case are common in Federal Tort Claims Act cases involving nongovernment codefendants. *See, e.g., Brocklesby v. United States,* 767 F.2d 1288, 1292 (9th Cir. 1985).

This parallel jury-nonjury procedure has also been employed in other circuits in the trial of cases under section 1330(a) involving foreign state-owned corporations and their domestic subsidiaries. *See Adkins v. GAF Corp.,* 923 F.2d 1225, 1226–27 (6th Cir.1991); *Matthews v. CTI Container Transp. Int'l, Inc.,* 871 F.2d 270, 273–74 (2d Cir.1989). The text and history of the statute support the use of such a procedure.

■ Another factor counsels in favor of this interpretation of section 1330(a). Reading section 1330(a) as denying plaintiffs a

jury trial against a domestic subsidiary whenever a foreign sovereign parent is a codefendant would raise a constitutional issue: whether section 1330(a)'s jury trial provision, if so interpreted, would be consistent with the Seventh Amendment.[3] When possible, statutes should be construed to avoid such constitutional problems. *United States v. Emerson,* 846 F.2d 541, 544 (9th Cir.1988).

III

The domestic distributor contends that the Fifth Circuit's decision in *Goar v. Compania Peruana de Vapores,* 688 F.2d 417 (5th Cir. 1982), establishes that it is entitled to a nonjury trial under section 1330(a). *Goar* held that the insurer of a foreign sovereign named as a defendant under the authority of a state direct action statute in a suit filed against the foreign sovereign under section 1330(a) was entitled to the benefit of the nonjury trial provision of section 1330(a). The Fifth Circuit relied primarily on two grounds. First, jurisdiction over the insurer rested entirely on section 1330(a)—the district court would not have had jurisdiction over the action if only the insurer had been sued. *Id.* at 422. Second, because the case involved a suit against an insurer under a direct action statute, the only issue was the extent of the insured's liability; under the direct action statute, the action against the insurer "must be considered an action 'against' the insured"—*i.e.,* against the sovereign entity itself. *Id.* [4]

The domestic distributor contends both of these factors were present in this case. First, the distributor argues that § 1330(a) formed the sole basis of the district court's jurisdiction in this case. However, in this case, unlike *Goar,* plaintiff could have brought a separate action against the domes-

---

**3.** Other circuits have held that the Seventh Amendment confers no right to jury trial in suits against a foreign sovereign, because foreign sovereigns were not subject to suit at common law. *See Arango v. Guzman Travel Advisors,* 761 F.2d 1527, 1534 (11th Cir.1985). The Fifth Circuit has extended this rationale to hold that there is no constitutional right to jury trial against the insurer of a foreign government-owned corporation. *Goar v. Compania Peruana de Vapores,* 688 F.2d 417, 424 (5th Cir.1982). The right to jury trial in a suit for damages against domestic cor-

porations is clear; but it is not clear how the constitutional analysis would be affected, if at all, by the fact that a domestic corporation is owned by a foreign sovereign.

**4.** The Fifth Circuit explicitly declined to consider whether section 1330(a) provides "the *exclusive* basis for jurisdiction of the *entire* action whenever a foreign sovereign is among the defendants." *Id.* at 422 (emphasis added).

tic distributor alone. Clearly, the district court would have had diversity jurisdiction over such an action under 28 U.S.C. § 1332, and the plaintiff would have been entitled to a jury trial. *Compare Goar,* 688 F.2d at 422 ("[T]he district court would not have had diversity jurisdiction [over the action against the insurer] even if Goar had not included [the foreign sovereign] as a defendant.").[5] The practical effect of the procedure employed in this case was to save judicial resources by permitting the district court to conduct a single joint trial rather than two separate trials.

Second, the French manufacturer and its distributor argue that this case is similar to *Goar* because the domestic distributor's liability, like the insurer's liability in *Goar,* is merely derivative of the French manufacturer's liability under the Washington product liability statutes. It is clear, however, that Washington law provides several causes of action against the seller of a defective product that do not depend on the liability of the manufacturer. *See* Wash.Rev.Code § 7.72.040(1). A number of these, including breach of express warranty and misrepresentation, were pled in the complaint.[6]

We conclude that section 1330(a) grants no right to a bench trial to a domestic subsidiary of a foreign state-owned corporation, at least when the district court would have had jurisdiction over a separate action against the subsidiary alone and the liability of the principal and subsidiary do not depend on one another under the governing substantive law.

AFFIRMED.

---

**5.** Even though complete diversity was lacking in this case, plaintiff could have brought a separate diversity action under section 1332 against the domestic distributor.

**6.** Defendants also cite *Goar* for the proposition that Congress enacted the nonjury trial provision to promote uniformity in decision in cases where foreign governments are involved. *See Goar,* 688 F.2d at 423. Our interpretation respects this interest in uniformity, because the foreign state-owned corporation is still entitled to a bench trial. Moreover, in this case, unlike *Goar,* the liability of the domestic distributor does not depend on the liability of the foreign sovereign, and the jury verdict against the domestic distributor does not affect the liability of the foreign manufacturer. *See Goar,* 688 F.2d at 422 n. 10.