James **CARNEY** and Lois
Carney, Plaintiffs,

v.

**SINGAPORE AIRLINES, Defendant.**

Civ. No. 95–1306 PHX PGR.

United States District Court,
D. Arizona.

July 31, 1996.

---

David B. Goldstein, Jeffrey A. Leyton, Eddie A. Pantiliat, Peskind Hymson & Goldstein, Scottsdale, AZ, for Plaintiffs.

Benjamin E. Goldman, Lisa A. Palombo, Graham & James, Los Angeles, CA, James Lawrence Blair, Renaud Cook Videan Geiger & Drury, P.A., Barbara Ann Hamner, Lorance & Thompson, Phoenix, AZ, J. Eric Isken, Graham & James, Los Angeles, CA, for Defendant.

## ORDER

ROSENBLATT, District Judge.

### I. BACKGROUND

This action arises out of injuries Plaintiff James Carney ("Plaintiff") received while in Indonesia as part of a tour which Plaintiff claims was organized by Defendant Singapore Airlines ("Defendant"). Plaintiff, a travel agent who owns and operates a travel agency in Mesa, Arizona, contends he was solicited by Defendant at a trade show in Phoenix, Arizona, to participate in a diving familiarization tour ("FAM tour") occurring in Indonesia. Plaintiff asserts that Defendant made all of the arrangements for the FAM tour, including transportation to Singapore and contracting with local Indonesian travel and tour facilities to provide the other services for the FAM tour, including air transportation from Singapore to Indonesia and the tours of the Minahasu Highlands, where the accident occurred.

Plaintiff, as part of the FAM tour, went on a tour of a volcanic region in the Minahasu Highlands. The tour was conducted by Pan-

du Express Tours & Travel, an Indonesian company. Plaintiff contends Defendant arranged for the tour with Pandu Express; Defendant contends that it did not conduct this tour, nor were any of its employees part of this tour. After being warned not to venture near the sulfur vents in this region, Plaintiff, wearing only shorts and sandals, approached a sulfur vent. The ground beneath Plaintiff's feet gave way, causing his feet to drop into steaming hot liquid. Plaintiff suffered second and third degree burns to 9% of his body surface and permanent scarring to his feet and legs.

Plaintiffs then filed this action seeking relief under theories of negligence and loss of consortium. Defendant filed a Motion to Dismiss or, in the alternative, for Stay of Action on *Forum Non Conveniens* Grounds, claiming that this matter should be brought in Indonesia and that it is burdensome to Defendant to litigate in Arizona. After Plaintiffs filed their response to the motion to dismiss, Defendant filed a Motion to Strike portions of the affidavit of James Carney. This Court heard oral arguments on December 11, 1995. At that hearing, the Court determined that additional briefing was necessary on the issues of whether Plaintiffs are entitled to a jury trial in light of Defendant's status as a foreign entity, whether Defendant is entitled to sovereign immunity, and whether Indonesia would provide an adequate alternative forum for litigating Plaintiffs' claims. The Court also denied the pending motion to strike.

The Court, having considered all documents filed in relation to the pending motion, the additional briefs, and the arguments of the parties at oral argument, hereby issues the following order.

## II. DISCUSSION

Defendant has filed a motion to dismiss or in the alternative for stay of action on *forum non conveniens* grounds. Defendant claims that to litigate this action in Arizona would be inconvenient because all of the actions complained of took place in Indonesia; the

injury sustained by Plaintiff occurred in Indonesia; a majority of the percipient witnesses live in Indonesia; this Court cannot compel the attendance of necessary witnesses at trial here; many witnesses cannot be compelled to attend pretrial depositions; all relevant documents and sources of proof are in Indonesia; indispensable parties who have not been named in this action are not amenable to jurisdiction in this Court; maintenance of this action in Arizona would cause hardship to Defendant and witnesses; and maintenance of this action in Arizona would place an unwarranted burden on the taxpayers and judicial system of Arizona.

Plaintiffs claim that Defendant is trying to have the trial moved to Indonesia, the site of the accident, in order to preclude Plaintiffs from bringing suit against them. Plaintiff states he was solicited for the FAM tour in Arizona, that he resides in Arizona, and that the contract for the FAM tour was signed in Arizona. Further, doctors who treated Plaintiff's injuries are in Arizona, and other key witnesses reside in the United States. Plaintiffs claim that if they are forced to go to trial in Indonesia, they will not be able to afford to bring suit.

■ "Before dismissing a case for *forum non conveniens,* a district court must first make a choice of law determination." *Zipfel v. Halliburton Co.,* 832 F.2d 1477, 1482 (9th Cir.1987). Clearly this is an action in tort; although Plaintiff discusses certain contracts entered into in relation to the FAM tour, he is not bringing a breach of contract claim. Claims arising in tort are decided according to the law of the forum state,[1] in this case Arizona.

Under Arizona law, "courts are required to resolve tort issues under the law of the state having the most significant relationship to both the occurrence and the parties with respect to any particular questions." *Bates v. Superior Court, Maricopa County,* 156 Ariz. 46, 49, 749 P.2d 1367, 1370 (1988). Courts look to four factors in making this determination: (1) the place where the injury occurred, (2) the place where

---

**1.** *See Consolidated Data Terminals v. Applied Digital Data Systems,* 708 F.2d 385, 390 n. 3 (9th Cir.1983).

the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered. *Id.*

*Sutter Home Winery v. Vintage Selections,* 971 F.2d 401, 407 (9th Cir.1992).

Initially the Court notes that Defendant claims that Indonesian law applies to this case. Plaintiffs have not disputed this claim directly. On this basis alone, the Court could find that Indonesian law applies.

■ However, even under an analysis regarding the choice of law, Indonesian law would apply. In deciding the question of conflict of laws in connection with a tort issue, a determination of which jurisdiction has the most significant contacts with the occurrence and the parties is primarily qualitative, not quantitative. *See Wendelken v. Superior Court, County of Pima,* 137 Ariz. 455, 671 P.2d 896 (1983). Indonesian is the jurisdiction which has the most significant contacts. The situs of the injury was Indonesia; the alleged negligence causing the injury was in Indonesia. Although Plaintiffs are domiciled in Arizona, Defendant clearly is not.[2]

The final factor, where the parties' relationship is centered, appears to be a bit more problematic. Plaintiffs claim that the parties' relationship is centered in Phoenix because Defendant's agent solicited Plaintiff's participation in the FAM tour at a Phoenix trade show and Plaintiff signed the contract regarding the FAM tour in Phoenix.[3] Defendant contends the relationship is centered in Indonesia due to the extensive contacts with Indonesia, as referred to above.

The relationship between the parties is the FAM tour. Save the initial contact by Defendant to solicit Plaintiff's participation, the tour centered in Indonesia. Based upon the information presently before the Court re-

garding the nature of the relationship between the parties, the Court finds that the parties' relationship was centered in Indonesia.

Therefore, because all factors regarding a choice of law analysis point to the application of Indonesian law in this matter, the Court finds that Indonesian law applies.

■ The determination of which country's law applies does not end the inquiry in the *forum non conveniens* analysis, however. In order for a dismissal pursuant to the doctrine of *forum non conveniens,* the moving party must show the following: "(1) the existence of an adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal." *Creative Technology v. Aztech System Pte,* 61 F.3d 696, 699 (9th Cir.1995) (citing *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.,* 918 F.2d 1446, 1449 (9th Cir.1990) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947))).

### A. Adequate alternative forum

The first step in *forum non conveniens* analysis is the determination of whether an adequate alternative forum exists. *Piper [Aircraft Co. v. Reyno,* 454 U.S. 235 [102 S.Ct. 252, 70 L.Ed.2d 419] (1981)], 454 U.S. at 254 [102 S.Ct. at 265]. The key determination is whether "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at n. 22.

*Creative Technology, Ltd. v. Aztech System Pte, Ltd.,* 61 F.3d 696, 701 (9th Cir.1995).

Defendant has submitted the affidavit of Al Hakim Hanafiah, Esq., an attorney in the Republic of Indonesia. Hanafiah has attested that Plaintiff could seek similar relief in the Indonesian courts and that there would be no problems with subject matter jurisdic-

---

**2.** Plaintiffs contend that Defendant does business in Arizona; however, this does not establish domicile. There is no allegation where Defendant is incorporated or where its principal place of business is. The fact that both sides concede that Defendant is a foreign state, however, negates any contention of Plaintiffs' that Defendant is domiciled in Arizona simply by conducting business here.

**3.** Plaintiffs have submitted a copy of this contract. It should be noted that based upon the copy submitted by Plaintiffs, the contract was written in *California* and then faxed to Plaintiff for his signature. Additionally, Plaintiffs only contend the contract was *signed* in Arizona; they do not contend that the contract was *formed* or *written* in Arizona.

tion or statute of limitations [4] questions. *See* Declaration of Al Hakim Hanafiah, pg. 3.[5] Hanafiah has also stated that Plaintiff could introduce written testimony, such as depositions, into evidence in Indonesian courts. *See* Supplemental Declaration of Al Hakim Hanafiah, pg. 1. Hanafiah has stated that Indonesia is an adequate alternative forum in his opinion. *Id.*

Plaintiffs submitted the affidavit of Aulia Kemalsjah Siregar, an attorney in the Republic of Indonesia, who states that he agrees that Indonesian courts would have jurisdiction. However, Siregar contends that the Indonesian Civil Procedural Code does not recognize written testimony to be used as evidence before the court. *See* Declaration of Aulia Kemalsjah Siregar in Support of Plaintiffs' Post–Hearing Brief re: Indonesia is not an Alternative Forum, Exhibit A, pg. 2. Siregar also states that it is uncommon for Indonesian law firms to accept representation on a contingency fee basis. *Id.* Siregar also claims that proceedings at the District Court may take between 6 and 9 months. *Id.* Plaintiffs claim they cannot be away from their home and business for 9 months; they cannot afford an attorney except on a contingency basis; and they cannot afford to fly all of their witnesses to Indonesia to testify in person before the Indonesian court. Based upon this evidence, Plaintiffs contend that Indonesia is not an adequate alternative forum.[6]

Defendant responded with the declaration of Joni Aries Bangun, an associate of Hanafiah. Bangun claims that Siregar's conten-tions with respect to the use of written testimony and the use of contingency fees are incorrect. Additionally, Defendant has stated that it will not oppose the admission of deposition transcripts, to the extent that the live testimony would be admitted before the Indonesian court, which should ensure that the Indonesian court will accept deposition testimony. Defendant even goes so far as to state: *"[T]o remove any doubt or concern about this issue, Singapore offers to pay the reasonable transportation and lodging costs of these witnesses [7] in the 'highly unlikely' event that Plaintiffs depose the witnesses and the Indonesian court will not accept the deposition transcripts."* *See* Response to Plaintiff's Post–Hearing Briefs on Indonesian Law and Right to a Jury Trial, pg. 6 (emphasis in original). Defendant also claims that there will be no need for Plaintiffs to be in Indonesia for 6–9 months at one time, but rather that, like these proceedings, various hearings, taking of testimony, etc., will occur over that period.

None of the evidence referred to *supra* on these issues shows that Indonesia is not an adequate alternative forum. Although the attorneys from Indonesia do not necessarily agree on the degree of admission of deposition testimony, the use of contingency fees or the length of trial, there is no evidence that the Indonesian court will not, under any circumstance, admit written testimony. Certainly in light of Defendant's offer to pay for transportation in the event such written testimony is not admitted mitigates this factor. There is no evidence that Plaintiffs cannot

---

**4.** Hanafiah states there is no statute of limitations issue that he is aware of. However, Defendant indicated at oral argument that it would be willing to waive any statute of limitations defense, should one be discovered, if this matter were dismissed.

**5.** Plaintiffs agree that Indonesia would have subject matter jurisdiction over this action. *See* Plaintiffs' Post–Hearing Brief Re: Indonesian Law, Exhibit A, Declaration of Aulia Kemalsjah Siregar, pg. 2.

With respect to *in personam* jurisdiction, Defendant has stated that it will waive any defenses or objections which could be raised in Indonesia as a condition of dismissal. *See* Declaration of J. Eric Isken in Support of Defendant Singapore Airline's Motion to Dismiss or, in the Alternative, Stay of Action. There are therefore no jurisdictional bars to suit in Indonesia.

**6.** Plaintiffs also contend that Indonesian substantive and procedural laws are different, and therefore Plaintiffs' case must be tried here to afford them the same "privileges and protections" provided by the laws of the United States. However, as discussed *supra,* Indonesian law would apply to this matter regardless of where the trial occurred. Therefore, this point is unavailing as to whether Indonesia is an adequate alternative forum.

**7.** Defendant defines these witnesses as the United States resident FAM Tour participants and up to two local physicians. *See* Response to Plaintiffs' Post–Hearing Briefs on Indonesian Law and the Right to a Jury Trial, pg. 6, fn. 12.

retain an attorney on a contingency fee basis. Indeed, Plaintiffs have already retained an Indonesian attorney, Mr. Siregar. Clearly it is not impossible for Plaintiffs to secure an Indonesian attorney. And certainly the expected length of proceedings is lengthy regardless of which forum is selected. Thus, there is no showing that Indonesia is an inadequate forum based upon these contentions.

Additionally, the Ninth Circuit Court of Appeals found Indonesia to be an adequate alternative forum based upon representations similar to Mr. Hanafiah's. *See Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1484 (9th Cir. 1987).

Plaintiffs also claim that Indonesia is an inadequate forum because they will not be allowed to have a jury trial there, whereas they are entitled to a jury trial in Arizona. Plaintiffs are incorrect on this matter. There is no disagreement between the parties that Defendant is a foreign state, as defined in 28 U.S.C. § 1603. Additionally, there is no disagreement that this Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1330.[8] Plaintiffs claim, however, that because Defendant is not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2)[9], Plaintiffs should receive a jury trial in this matter.

The Ninth Circuit Court of Appeals has addressed the issue of whether a party is entitled to a jury trial in an action against a foreign state:

> The plain language of section 1330(a) indicates that only parties within the definition of "foreign state" are subject to the statute, and only those parties have the benefit of the protection against jury trials. This

interpretation is confirmed by the legislative history. In discussing 28 U.S.C. § 1441(d), which permits removal to federal court of state court actions against "foreign states", the House Report states:

> Upon removal, the action would be heard and tried by the appropriate district court sitting without a jury.... Thus, one effect of removing an action under the new section 1441(d) will be to extinguish a demand for a jury trial made in the state court.

*Gould v. Aerospatiale Helicopter Corp.*, 40 F.3d 1033, 1034–35 (9th Cir.1994).

Therefore, based upon the specific language of 28 U.S.C. § 1330 and the Ninth Circuit Court of Appeals' interpretation of that language, it is clear that Defendant, a foreign state, is protected from a jury trial; thus Plaintiffs are not entitled to a jury trial even if the trial were to be held before this Court.

Because Defendant has shown that there is an adequate alternative forum, and because Plaintiffs have failed to show otherwise, this Court finds that Indonesia is an adequate alternative forum.

### B. Balance of private and public interest factors

■ "Given the existence of an adequate alternative forum, a district court must consider the balance of private and public interest factors to determine whether to dismiss on grounds of forum non conveniens." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 769 (9th Cir.1991) (citing *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843).

#### 1. Private interest factors

---

8. Section 1330 of Title 28 states, in relevant part:
   (a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title
   ....
   28 U.S.C. § 1330(a).

9. The parties agree that Defendant is not entitled to sovereign immunity in Indonesia. Although Plaintiffs contend that Defendant is not entitled to sovereign immunity in the United States as well, this Court need not address this issue because a determination of whether sovereign im-

munity is available for Defendant in the United States does not affect whether Defendant is protected from a jury trial under the provisions of 28 U.S.C. § 1330, as will be discussed *infra*.

Additionally, because the parties agree that there is no sovereign immunity bar in Indonesia, this would favor a transfer to that forum because it is undecided whether sovereign immunity would be a bar in this forum. Arguably, if sovereign immunity was applicable in the United States, Plaintiffs could not bring an action here, but could bring an action in Indonesia.

The private interest factors include: (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive.

*Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1485 (9th Cir.1987), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988) (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843).

Factor 3 clearly weighs in favor of dismissal, as the injury site is in Indonesia. As to the other three factors, the Court will list the parties' respective positions in order to evaluate the validity of their claims.

|  | Plaintiff | Defendant |
|---|---|---|
| Location of witnesses re: liability | *Plaintiffs—AZ<br>*Other travel agents—USA | *Employees of Pandu and Silkair—Indo.<br><br>*Doctors who initially treated Plaintiff—Indo.<br>*Persons who investigated accident—Indo.<br>*Other travel agents—Asia, Pacific region |
| Location of witnesses re: damages | *Plaintiffs—AZ<br>*Doctors who treated Plaintiff here—AZ | *Doctors who initially treated Plaintiff—Indo. |
| Location of documents | *Medical records of Plaintiff re: local treatment—AZ<br>*Copy of contract—AZ | *Medical records of Plaintiff re: initial treatment—Indo.<br>*Investigator's reports—Indo.<br>*Pandu Express' travel arrangement—Indo. |
| Indispensable parties |  | *Pandu Express—Indo. |

As is evident from the list, most of Plaintiffs' evidence comes from Plaintiffs themselves. Plaintiffs have access to the Arizona medical records, which they could present in Indonesia, as well as the contract in question. The only witnesses Plaintiffs claim they would have are the doctors, experts [10] and the other travel agents who live in the United States. If this were to be litigated in Indonesia, Plaintiffs would have to fly themselves, the doctors and the travel agents to Indonesia.[11] Plaintiffs acknowledge that they would have to fly the other travel agents to Arizona for the trial, as they do not reside in this state, but that such expense is considerably less than flying them to Indonesia. Plaintiffs claim that if they are forced to litigate in Indonesia, they will effectively be unable to bring suit because they run a small business and cannot afford litigation in Indonesia.

Defendant states that because Plaintiff is a travel agent, he and his wife can receive discount airfare and hotel accommodations in Indonesia which would not be unduly burdensome or expensive, and therefore this matter can be tried in Indonesia. Additionally, Defendants claim Plaintiff has five travel agencies listed in the Phoenix phonebook[12], and therefore are not the "small business" they are representing themselves to be.

Defendant, on the other hand, would have to fly virtually every witness they would call from Indonesia to Arizona. Hanafiah states in his affidavit that "[w]itnesses located in Indonesia may not be subpoenaed by a U.S. court to attend a U.S.-style deposition in Indonesia, nor may they be compelled to attend a trial of this matter in Arizona." *See* Declaration, pg. 2. Therefore, Defendant cannot use deposition testimony of the Indonesian witnesses unless they are willing. The same is true with the documentary evidence—Defendant cannot subpoena these

---

**10.** Plaintiffs do not state what these experts will testify to.

**11.** As stated *supra,* Plaintiffs will either be permitted to present the testimony of their witnesses via deposition, or Defendant will pay for the expense of bringing these witnesses to Indonesia. Therefore, arguably Plaintiffs only have to fly themselves to Indonesia.

**12.** Plaintiff claims that although the name "Adventure Bound Travel" is used by five travel agencies throughout the valley, Plaintiffs only own two of the agencies. *See* Response to Motion to Strike, pg. 5.

documents from the Indonesian doctors, investigators, etc. Therefore, if they are unwilling, Defendant will be deprived of these records.

As to the alleged indispensable party, Pandu Express, Plaintiffs claim that Defendant could bring an indemnity action in Indonesia to recover from Pandu any amount they can show is owed to Defendant by virtue of Pandu Express' negligence. Defendant states that it should not be forced to litigate basically the same issues twice, and that it would be unduly expensive and burdensome to force them to do so.

Plaintiffs rely heavily upon the case of *Lehman v. Humphrey Cayman, Ltd.,* 713 F.2d 339 (8th Cir.1983) in support of their contention that this Court should not dismiss this case. In *Lehman,* plaintiff's decedent was killed in the Cayman Islands after a sailboat he rented from a shop located on the hotel premises crashed. Plaintiff, a resident of Iowa, sued the hotel in federal court in Iowa for breach of express and implied warranties that the hotel and its facilities were safe, and negligence. The district court dismissed on forum non conveniens grounds, and the Eighth Circuit reversed.

The Eighth Circuit found that although the accident occurred in the Cayman Islands, most of the contractual arrangements with the Holiday Inn and the travel agency occurred in Iowa and the Holiday Inn would not need to utilize compulsory process to secure the testimony of its own employees at trial in Iowa. The Eighth Circuit also analyzed each of the private and public factors and found that while no one factor is not dispositive of this issue, because defendants could not show that plaintiff's choice of forum was harassment of the defendants nor oppressive to their defense, Iowa was a proper forum for this litigation.

The *Lehman* case is easily distinguishable from this action. First, there are no contract claims raised in the complaint here. Therefore, any contractual arrangements really are inapposite to a resolution of the tort claims raised. The only issue the contract goes to is whether Defendant is solely liable, or whether the Indonesian companies which actually handled the tour are also liable. However, if a jury found that Plaintiff's injuries were caused by his own actions, and not the actions of either Defendant or Pandu Express, who actually organized the tour would be irrelevant.

Additionally, Defendant cannot compel the attendance of the witnesses in Indonesia without compulsory process, and because the witnesses are in Indonesia, they cannot compel them even with compulsory process. Neither Defendant nor any of Defendant's employees were present when the injury occurred, and Plaintiffs do not dispute this fact. As all of the relevant witnesses in Indonesia are third parties, Defendant cannot force these witnesses to participate in deposition or trial.

Further, as discussed *supra,* and as will be discussed *infra,* all of the factors to be taken into consideration in determining whether a case should be dismissed pursuant to the doctrine of *forum non conveniens* overwhelmingly points in favor of dismissal. Even the Eighth Circuit, in the *Lehman* case, stated: "We recognize that, notwithstanding the plaintiff's choice of forum, if the balance of conveniences makes trial in the forum at issue 'unnecessarily burdensome' for the defendant or the court, dismissal would be proper." *Lehman,* 713 F.2d at 342, n. 2 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. at 256 n. 23, 102 S.Ct. at 266 n. 23). The Court finds that, in light of the discussion contained in this Order, it would be unnecessarily burdensome to hold a trial on Plaintiffs' tort claims in Arizona.

The bulk of pertinent witnesses are in Indonesia, and are not subject to this Court's jurisdiction. Additionally, Pandu Express is not subject to suit in the United States, and they may very well be an indispensable party to this action. Simply because Defendant is a corporation does not mean that Plaintiffs should automatically be able to sue them wherever they wish because Defendant potentially has "deep pockets" and can afford litigation in a foreign court. Taking into account all of the private interest factors, these factors weigh in favor of dismissing this action.

2. Public interest factors

The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law. *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1485 (9th Cir.1987), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988) (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843).

Factor 1 favors litigation in Indonesia. Hanafiah has attested that civil litigation similar to Plaintiffs' action typically is *resolved* within one year in Indonesia. *See* Declaration, pg. 4. Although Plaintiffs agree that their case will get to trial faster in Indonesia, it may take longer once it has begun. However, the length of the trial itself is not the most significant consideration, but the total length of time to get the case to trial, as well as the trial itself. Based upon the docket currently before this Court, it is clear that factor 1 weighs in favor of litigation in Indonesia.

Factor 2 related to the jury question is inapposite because Plaintiffs are not entitled to a jury if the trial were held in this district. Plaintiffs have stated that they would not be entitled to a jury trial in Indonesia; however, there is no evidence before this Court which shows that a jury trial is precluded in Indonesia. If a jury trial were allowed, this factor would favor trial in Indonesia. Although a jury in Arizona would be interested in assuring that Plaintiffs, who are residents of Arizona, receive a fair trial, a jury in Indonesia would be more familiar with the area where the accident occurred, with the persons testifying (i.e. employees of Pandu

Express, local doctors and investigators, etc.), and perhaps with the legal system and the law of Indonesia. Further, Plaintiffs have failed to show that they would not receive a fair trial in Indonesia, as stated *supra*. Therefore, this factor favors dismissal.

Factor 3 also favors dismissal. Clearly the controversy arose as a result of an accident which occurred in Indonesia, and thus the local people of Indonesia have an interest in seeing this litigation resolved.

Factor 4 favors dismissal because as stated *supra*, the law to be applied is the law of Indonesia. Clearly an Indonesian court would be more familiar with the law of Indonesia than this Court would be.

As to Factor 5, this factor does not weigh heavily either way. As stated *supra*, Indonesian law would apply after applying Arizona choice of law provisions. The parties have not provided any conflicts of law provisions from Indonesia, so there is no evidence that there would be any Indonesian conflicts of laws which would direct the choice of law back to Arizona.

Again, the factors to be weighed involving public concerns weighs in favor of dismissal. Plaintiffs argue that the public concerns weighs in their favor because they are residents of Arizona, Defendant engaged in systematic advertising to generate business in Arizona, the solicitation for the FAM tour was in Arizona [13] and the contract was signed in Arizona. However, these claims of Plaintiffs, if applicable to a *forum non conveniens* analysis, do not outweigh the numerous other considerations to be evaluated by this Court. Simply because Defendant does business here does not mean that it is the most convenient forum. Indeed, Defendant does not dispute that venue here is proper or that this Court has jurisdiction over it here. However, these considerations are distinct from a

---

**13.** Defendant opposes this characterization of the actions taken by a Singapore Airlines' representative at the Phoenix trade show. Defendant includes the declaration of Janice Duhame, the Singapore Airlines representative who dealt with Plaintiff at the trade show. In her declaration, Ms. Duhame specifically states that she was not at the trade show to solicit individuals for the FAM tour. She only told Plaintiff she would

recommend him for participation in this particular FAM tour, which she claims was being organized by SilkAir, because of his express interest in adventure tours and his experience as a diver.

Ms. Duhame also states that her recommendation had nothing to do with the selection of the actual participants on the FAM tour; that was the decision of SilkAir, the organizer of the trip. *See* Declaration of Janice Duhame.

*forum non conveniens* analysis, and Plaintiffs cannot rely upon this Court's jurisdiction over Defendant to show that this is the most convenient forum for this litigation.

Based upon the foregoing analysis, the Court will grant the motion to dismiss this action based upon *forum non conveniens* grounds. Defendant filed an Alternative Motion to Stay this action until Plaintiffs could bring their action in Indonesia. The Court does not see the point of staying this action in order to await a decision by the Indonesian courts on the merits of Plaintiffs' case. Defendant does not provide any support for a stay or any grounds for a stay to allow Plaintiffs to litigate first in Indonesia and then here after the decision in Indonesia has been issued. Therefore, this Court will deny Defendant's Alternative Motion to Stay this action on *forum non conveniens* grounds.

III. *CONCLUSION*

Under a choice of law analysis with respect to tort actions, it is clear that Indonesian law applies to this matter regardless of where the action is brought. Further, under the applicable analyses regarding the doctrine of *forum non conveniens,* this matter must be dismissed and Plaintiffs must seek relief in Indonesia. Indonesia is an adequate alternative forum. Additionally, the private and public factors to be considered with respect to a *forum non conveniens* analysis weigh in favor of dismissal of this action. Therefore, the Court will grant the motion to dismiss on *forum non conveniens* grounds.

Although Defendant's concessions with respect to a waiver of any *in personam* jurisdictional problems, including statute of limitations defenses, and with respect to the admission of deposition testimony or payment for Plaintiffs' witnesses in the event such deposition testimony is not admitted were not dispositive of whether the complaint should be dismissed based upon *forum non conveniens* grounds, the Court will include these concessions in the order of dismissal simply to ensure Plaintiffs will receive the benefits of these concessions if such need arises.

In accordance with the foregoing,

IT IS ORDERED granting Defendant's Motion to Dismiss [Doc. # 6–1]. Plaintiffs' complaint and cause of action are dismissed without prejudice on *forum non conveniens* grounds.

FURTHER ORDERED denying Defendant's Alternative Motion to Stay [Doc. # 6–2].

FURTHER ORDERED Defendant shall be bound by the Declaration of J. Eric Isken, filed in support of Defendant's Motion to Dismiss or, in the Alternative, Stay of Action, which states that Defendant will not oppose the admission of deposition transcripts in any Indonesian proceeding so long as the underlying testimony would be admissible if the witnesses were to appear live and that Defendant will reimburse Plaintiffs for reasonable travel and lodging of the United States resident non-party witnesses in the event the Indonesian court will only allow live testimony. Defendant is also bound by Mr. Isken's statement that Defendant will consent to *in personam* jurisdiction in Indonesia, and by the representations at oral argument that Defendant will waive any statute of limitations defense.